NO. 07-02-0323-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 13, 2003

_____

ROBERT STEVEN LAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,142-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]

On June 24, 2002, after his plea of guilty and the receipt of testimony, appellant Robert Steven Land was found guilty of the state jail felony offense of evading detention while using a vehicle. His punishment was assessed by the trial court at 12 months confinement in a state jail facility. Appellant timely gave notice of appeal.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Appellant's appellate counsel has now filed an *Anders* brief with this court in which he states that he has thoroughly examined the trial record and determined the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). In the brief, counsel discusses four potential issues on appeal and explains why the record shows that none of those issues present reversible error. In the brief, counsel has attached a copy of his letter to appellant, forwarded a copy of the brief and advised him of his right to file a pro se brief. He has also filed a motion to withdraw and notified appellant that he has filed the motion. *See Johnson v. State*, 885 S.W.2d 641 (Tex. App.–Waco 1994, pet. ref'd). Neither appellant or the State has filed a brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

Each of the issues raised in the *Anders* brief by counsel address whether appellant was denied reasonably effective assistance of counsel because his trial counsel: 1) failed to seek exclusion of other witnesses from the courtroom until they were called to testify, 2) failed to cross-examine the State's witnesses, and 3) failed to raise hearsay objections that would have prevented the admission of testimony about statements made by absent witnesses that corroborated the State's evidence.

2

The brief filed by appellate counsel discusses the trial evidence with appropriate references to the record. *See High*, 573 S.W.2d at 813 (noting requirement that trial counsel discuss evidence). The test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986), contains two prongs.

Under the first prong, an appellant must show that trial counsel's performance was "deficient." *Strickland*, 466 U.S. at 687. That requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment to the Federal Constitution. *Id*. To be successful in this regard, an appellant must show that his trial counsel's representation fell below an objective standard of reasonableness. *Id*. at 688.

Under the second prong, an appellant must show that the deficient performance prejudiced the defense. *Id*. at 687. The standard for judging prejudice requires an appellant to show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* at 694. To be entitled to reversal, an appellant must establish both prongs of the test. *White v. State*, 999 S.W.2d 895 (Tex. App.–Amarillo 1999, pet. ref'd).

We have also made an independent examination of the record to determine if there are any arguable grounds that might support the appeal. *See Penson v. Ohio*, 88 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

John T. Boyd
Senior Justice

Do not publish.

4